**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **DOCKET NO.  5:13-CR-71-RLV-DCK** |
| | ) | |
| **v.** | ) | **ORDER FOR ALTERNATIVE** |
| | ) | **PRODUCTION OF DISCOVERY** |
| **KAMRAN REZAPOUR** | ) | |

Upon consideration of the Government's Motion for Alternative Production of Discovery, it is hereby ORDERED that the Motion is GRANTED.   It is further ORDERED that the Standard Criminal Discovery Order issued in this case is MODIFIED as detailed below:

1.     The United States will provide open file discovery to standby counsel Doug Roberts upon receipt of a signed discovery agreement from him and entry of this Alternative Discovery Order by the Court.    To the extent the Defendant requests access to open file discovery from standby counsel, he may review it only under standby counsel's supervision, meaning that Mr. Roberts maintain the open file discovery in his control rather than leave the open file with Defendant at the jail.

2.     The United States will produce to the Defendant, through delivery by standby counsel, information and reports discoverable under Rule 16(a)(1)(A) through (G).    To the extent that any objects or other non-documentary items may be discoverable under Rule 16(a)(1)(E), the United States will coordinate with standby counsel to make those items available, consistent with security measures established by the U.S. Marshal and the Mecklenburg County Jail, to the Defendant and/or standby counsel prior to trial.

3.     Consistent with the parameters set forth in the Court's Standard Criminal Discovery Order, the United States will disclose to the Defendant and standby counsel all *Brady* material which is in the possession, custody or control of the United States, the existence of

which is known or by the exercise of due diligence should become known to the attorney for the United States.

4.      Pursuant to Rule 12(b)(4), the United States will disclose to the Defendant and standby counsel its intention to use in its case in chief at trial any evidence which the defense may be entitled to discover under Rule 16.

5.      If there is any Rule 16 eligible electronic discovery that cannot otherwise be provided to the Defendant in a photocopied format (discovery that requires a computer, DVD player, or audio player to review) due to security measures at the Mecklenburg County Jail, the U.S. Marshals service shall be responsible for providing equipment to give Defendant access to review such discovery.

6.      The United States will, no later than two weeks before trial, disclose to the Defendant through standby counsel any evidence the United States has in its possession that it may seek to offer under Rules 404(b) and 807 of the Federal Rules of Evidence.

7.      The United States will produce *Jencks* act and *Giglio* material three calendar days before trial. Standby counsel shall make such material available for review by the Defendant both prior to and during trial but shall not give such material (in original or copy) to the Defendant under any circumstance outside of the courtroom during trial. Standby counsel shall make all efforts to ensure that such material is not in the Defendant's or any other person's possession other than while the Defendant is in the courtroom during trial.

8.      Any discovery material made available to the Defendant and standby counsel shall not be used by the Defendant or standby counsel for any purpose other than in direct relationship to this case and no further disclosure shall be made of these items. All discovery materials shall be returned to the United States immediately upon the conclusion of trial.

9.      Defendant shall produce reciprocal discovery pursuant to Rule 16 of the Federal

Rules of Criminal Procedure.

**SO ORDERED**.

Signed: November 8, 2013

David S. Cayer
United States Magistrate Judge